IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2212-D

TIMOTHY ALEXANDER, )
)
        Petitioner, )
)
v. ) **ORDER**
)
J.W. ANDREWS, )
)
        Respondent. )

On July 26, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that the court grant respondent's motion to dismiss [D.E. 10] and dismiss Timothy Alexander's ("Alexander") 28 U.S.C. § 2241 petition. See [D.E. 17]. On August 31, 2017, Alexander filed objections to the M&R [D.E. 20].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

As to those portions of the M&R to which Alexander did not object, the court has reviewed the M&R and the record. There is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R to which there was no objection.

As for Alexander's objections, Alexander contends that the Federal Bureau of Prisons ("BOP") failed to give him proper credit towards his February 2012 federal sentence for time he spent in state custody beginning in December 2009. Pet. [D.E. 1] 2, 6. The M&R recommended dismissing Alexander's claim because his time in state custody was credited to another sentence. See M&R at 3–8.

The BOP has authority to award credit towards a sentence of incarceration for time spent in prior custody as follows:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). "Congress made clear in § 3585(b) that a defendant could not receive a double credit for his detention time." Williams v. United States, No. 5:10-HC-2006-D, 2011 WL 4828885, at *3 (E.D.N.C. Oct. 11, 2011) (unpublished) (alteration omitted); see United States v. Wilson, 503 U.S. 329, 337 (1992).

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A "federal sentence does not commence until the Attorney General receives the defendant into [his] custody for service of that sentence." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (quotation omitted). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897

2

(8th Cir. 2005); see Evans, 159 F.3d at 912. A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (alterations omitted) (quotation omitted). "Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.

Officers from the Anson County, North Carolina Sheriff's Office arrested Alexander in March 2008 on various drug and gun-related charges. Pet'r. Ex. [D.E. 1-2] 2; Resp't. Ex. [D.E. 12] 2–3. On December 17, 2009, Alexander was convicted and received a state sentence of 29–35 months in prison. See Pet'r. Ex. [D.E. 1-2] 2, 32; Resp't. Ex. [D.E. 12] 3. Thus, Alexander was in the primary legal custody of the state of North Carolina beginning on December 17, 2009.

In March 2011, while Alexander was serving his state sentence, a federal grand jury in the District of South Carolina indicted Alexander for engaging in a drug conspiracy. United States v. Alexander, No. 4:11-CR-416-TLR-1 (D.S.C Mar. 22, 2011), [D.E. 3]. On April 28, 2011, in connection with the federal case, the United States Marshals Service took Alexander into temporary custody pursuant to a writ of habeas corpus ad prosequendum. Alexander, No. 4:11-CR-416-TLR-1, [D.E. 20]. On February 7, 2012, after Alexander pleaded guilty, a United States District Judge sentenced him to 180 months in prison. Alexander, No. 4:11-CR-416-TLR-1, [D.E. 620]. Although the sentencing court ordered Alexander's federal sentence to run concurrently with his state sentence, the sentencing court allowed the BOP to determine whether Alexander should receive credit towards his federal sentence for time he spent in state custody. See Pet'r Ex. [D.E. 1-2] 29–30. The United States Court of Appeals for the Fourth Circuit affirmed Alexander's conviction and sentence. See United States v. Alexander, 479 F. App'x 499 (4th Cir. 2012) (per curiam) (unpublished). The BOP

3

took physical custody of Alexander in January 2013, after he completed his state sentence. Resp't. Ex. [D.E. 12] 5. The BOP determined that Alexander began serving his 180-month sentence on February 7, 2012. Id. Alexander's projected release date is February 11, 2025. Id.

The M&R concluded that "Alexander already received credit for the time he served in state custody from December 2009 until February 2012 in connection with his state sentence." M&R at 4–5. Because this time has already been credited against another sentence, Alexander is not entitled to any credit towards his sentence for this period from December 17, 2009, through February 7, 2012. Id. at 5; see Rash v. Stansberry, No. 3:10CV836-HEH, 2011 WL 2982216, at *4 (E.D. Va. July 22, 2011) (unpublished), aff'd, 460 F. App'x 201 (4th Cir. 2011) (per curiam) (unpublished). This court agrees and overrules Alexander's objections.

Finally, to the extent Alexander bases his argument upon the application United States Sentencing Guideline § 5G1.3(b), Alexander must pursue such a claim under 28 U.S.C. § 2255—not 28 U.S.C. § 2241. See Restituyo-Garcia v. Cokley, No. CV 5:16–07323, 2017 WL 764867, at *5 (S.D.W. Va. Jan. 31, 2017) (unpublished), report and recommendation adopted, No. 5:16-CV-07323, 2017 WL 758951 (S.D.W. Va. Feb. 27, 2017) (unpublished); James v. Ziegler, 2013 WL 6000905, at *4 (S.D. W. Va. Nov. 12, 2013) (unpublished). The court, however, declines to convert this action into a section 2255 petition. Despite Alexander's occasional references to the sentencing judge's alleged errors under section§ 5G1.3, Alexander's petition challenges the BOP's calculation of his sentence rather than the sentencing court's imposition of that sentence. See Lawson v. Cruz, No. CV 4:15-CV-01004-JMC, 2015 WL 5882863, at *5 (D.S.C. Oct. 2, 2015) (unpublished); Humphrey v. Cruz, No. CIV.A. 8:14–718-BHH, 2015 WL 1218648, at *2 (D.S.C. Mar. 17, 2015) (unpublished), aff'd, 605 F. App'x 228 (4th Cir. 2015) (per curiam) (unpublished); James, 2013 WL 6000905, at *4.

In sum, Alexander's objections [D.E. 20] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 17]. Respondent's motion to dismiss [D.E. 10] is GRANTED, Alexander's petition is DISMISSED, and the court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 8 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge